## GAWRON *v*. KUPIEC.

1. FRAUD—HUSBAND AND WIFE—WIFE LIABLE ALTHOUGH NOT PROFITING FROM FRAUD.

   In action against husband and wife for fraud in sale of grocery and meat market, where wife signed preliminary agreement and bill of sale containing fraudulent representations, *prima facie* case was made out against her, and in absence of any testimony on her part she was properly held liable, although it is claimed she received no benefit from transaction.

2. PLEADING—VARIANCE—AMENDMENT.

   Where declaration in action for fraud against husband and wife counted only on misrepresentations in bill of sale and affidavit showing no indebtedness, no recovery could be had for misrepresentation in regard to real estate without amending declaration, and, there being no proof of any misrepresentation by wife in regard to real estate, declaration may not be amended in Supreme Court.

3. JUDGMENT—MODIFYING JUDGMENT.

   Where judgment for fraud in sale of grocery and meat market included damages for misrepresenting real estate as well as personalty, although declaration counted on latter only, case is remanded to court below for entry of proper judgment.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted April 22, 1932. (Docket No. 81, Calendar No. 36,366.) Decided June 6, 1932.

Case by John Gawron against Michael Kupiec and another for fraud in the sale of a grocery business. Verdict and judgment for plaintiff. Defendants appeal. Modified and affirmed.

*Arthur A. Koscinski* and *Robert J. Wojcinski,* for plaintiff.

*Ira J. Pettiford,* for defendants.

Butzel, J. On February 2, 1925, Michael Kupiec and Anna Kupiec, his wife, defendants, entered into a preliminary agreement to sell to John Gawron, plaintiff, and his wife, an equity in certain property, and also the stock and fixtures of a grocery and meat market business located thereon. Plaintiff, in turn, agreed to deed to defendants an equity in other property valued at a fixed amount, and to pay the balance of the purchase price in cash. The agreement provided that certified abstracts be furnished to the respective parties, and that interest, insurance, etc., be adjusted at the time of closing. In pursuance of this preliminary agreement, defendants executed a bill of sale to plaintiff, in which they expressly warranted that they had a full and clear title to and were the owners of the business. An affidavit of defendants in the form required for the recording of a chattel mortgage under 3 Comp. Laws 1929, § 13424, was annexed to the bill of sale. Kupiec also gave plaintiff an affidavit stating that he had no creditors in said business and that there were no unpaid bills for merchandise delivered to the business. Plaintiff deemed this affidavit·

a sufficient compliance with the sales in bulk act (2 Comp. Laws 1929, § 9545 *et seq.*). It subsequently developed that the affidavit was untrue; that the grocery and meat market were incumbered with a chattel mortgage on account of which plaintiff was obliged to pay $1,200. It was also shown that there were sidewalk and other taxes due against the real estate traded in by defendants. Plaintiff claimed fraudulent representations on the part of defendants and brought suit in tort but added the common counts to the declaration. He recovered a judgment of $2,112.46, which included the sum of $1,200 on account of the chattel mortgage, $454.58 for sidewalk assessments and other taxes, and the balance for interest.

The issues in the case are not well defined. We shall limit our discussion solely to claims of error that were presented in the trial court, and not to those raised in this court for the first time. The case was properly submitted to the jury on the tort count of the declaration. The principal question of any merit raised by defendants is whether there was sufficient evidence to justify a verdict against Mrs. Kupiec for the amount found by the jury. Although a defendant in the case, she did not testify. It is claimed that she received no benefit from the transaction. Inasmuch as she signed both the preliminary agreement and the bill of sale containing the fraudulent representations, a *prima facie* case was made out against her, and in the absence of any testimony on her part, there was sufficient evidence to justify a jury in finding her also responsible for the false misrepresentations in connection with the sale of the grocery and meat market. See *Zadel* v. *Simon,* 221 Mich. 180; *Hall-Doyle Equity Co.* v. *Crook,* 245 Mich. 24, 31.

We find, however, that the record is devoid of any testimony whatsoever showing that she made any representations in regard to the assessments or taxes against the real estate. The declaration is very loosely drawn, no bill of particulars was demanded by defendants, nor was there any notice of set-off or recoupment filed by them.

The tort count in the declaration was founded solely on the misrepresentations in the bill of sale and the affidavit showing no indebtedness. It does not base a right of recovery on account of misrepresentation in regard to the real estate. The plaintiff elected to go to the jury solely on the tort count of the declaration, and the verdict and judgment were in tort. As there was no proof of any misrepresentation in regard to the real estate by defendant Anna Kupiec, the declaration cannot be amended. The sum of $454.58 for taxes and sidewalk assessment against the real estate, together with the interest thereon, in all aggregating $580.92, should not have been included in the judgment. The case is remanded to the trial court, where judgment may be entered for $1,531.54 in favor of plaintiff, without prejudice to his right to bring action for the recovery of the amount, if any, due him from defendants for taxes and sidewalk assessments. Defendants will recover costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.